**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona  85012
Telephone No. 602-812-7979
Facsimile No. 602-595-7800
E-mail: abaskin@baskinrichards.com
         lross@baskinrichards.com
Name and Arizona State Bar No.:
Alan Baskin #013155 (admitted pro hac vice)
Leslie Ross #027207 (admitted pro hac vice)

Edward S. Zusman (SBN 154366)
Kevin K. Eng (SBN 209036)
MARKUN ZUSMAN FRENIERE & COMPTON LLP
465 California Street, 5th Floor
San Francisco, California 94104
Telephone: (415) 438-4515
Facsimile: (415) 434-4505

*Attorneys for Defendant Scottsdale Capital Advisors*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| MYECHECK, Inc., a California corporation,<br><br>                                        Plaintiff,<br><br>v.<br><br>SWEETSUN INTERTRADE, INC., SEVEN MILES SECURITIES, TITAN INTERNATIONAL SECURITIES, INC., SCOTTSDALE CAPITAL ADVISORS CORPORATION, and Does 1 -- 20, Inclusive,<br><br>                                        Defendants. | Case No.  2:14-cv-02889-KJM-AC<br><br>**REPLY IN SUPPORT OF DEFENDANT SCOTTSDALE CAPITAL ADVISOR'S MOTION TO DISMISS UNDER RULE 12(b) or (d), FED.R.CIVP. AND RULE 19, FED.R.CIV.P.**<br><br>*(Assigned to Hon. Kimberly J. Mueller)*<br><br>Date:        July 24, 2015<br>Time:        10:00 a.m.<br>Judge:       Hon. Kimberly J. Mueller<br>Trial Date:   n/a<br>Action Filed: Dec. 11, 2014 |

Plaintiff's Opposition to Motion to Dismiss and Plaintiff's Request for Leave to Amend Complaint ("Opposition") [ECF No. 22] offers no counter to Defendant Scottsdale Capital Advisors Corp.'s ("SCA") arguments in its Motion to Dismiss [ECF No. 19]. The only issue remaining is whether the Court should dismiss with prejudice, or allow Plaintiff's improper eleventh hour attempt to shoehorn into its Opposition an untimely, procedurally deficient and futile request for leave to amend the Complaint. Worse, the Opposition and its supporting Declaration fail to inform the Court that Plaintiff's attempt to amend is premised on information it received directly from SCA on February 6, 2015, over five months ago and three months before SCA was served. SCA requests that this Court reject MYEcheck's attempt to amend, and dismiss the Complaint with prejudice.

## I.     Background.

### A.     Plaintiff Allowed its Shares to Enter the Marketplace and Failed to Take Immediate Steps to Secure its Interest.

Plaintiff concedes the essential and dispositive facts. Three years ago, MYEcheck began issuing shares of restricted stock to third parties as directed by Defendant Sweetsun Intertrade, Inc. ("Sweetsun"). Beginning in February 2013, Sweetsun sold into the marketplace over 700 million shares of MYEcheck stock it had deposited with SCA. Nine months later, SCA first learned of MYEcheck's complaints regarding the issuance of its shares, not because Plaintiff contacted SCA directly, but because SCA learned of Plaintiff's concerns from non-party Alpine Securities. By that time, hundreds of millions of MYEcheck shares had already been sold.

Plaintiff also concedes its inaction in November 2013, when SCA froze trading in the MYEcheck stock on deposit and told Plaintiff to take the necessary judicial steps to stop any further sales of the stock. [ECF No. 19 at 13:15-15:7; ECF No. 22 at 3:1-10]. In response, Plaintiff failed to protect its interests or seek to prevent any additional sales of its shares, instead filing this action on December 11, 2014, over one year later. This inaction is fatal to Plaintiff's claims.

## II. Plaintiff Concedes that it Failed to State a Claim Against SCA.

The undisputed sequence of events beginning in early 2013 gave rise to SCA's substantive arguments that Plaintiff's declaratory and injunctive relief claims against SCA are non-justiciable, barred by laches, and must be dismissed because Plaintiff failed to join indispensable parties. Plaintiff fails to challenge these arguments, conceding that the pending claims against SCA do not pass muster. The only issue remaining is whether Plaintiff should be permitted to amend its Complaint. Any amendment should not be permitted and cannot survive, as it is procedurally improper, untimely and would be futile.

### A. Plaintiff Knew of the Russell Letter and SCA's Investigation Before it Served the Complaint – But Failed to Diligently Take Action.

Plaintiff claims communications between its own attorney, Thomas Russell, and SCA affirming that MYEcheck stock was validly issued somehow give rise to a hitherto unknown claim against SCA. [ECF No. 22 at 3:11-15]. Plaintiff's counsel's declaration creates the misleading but easily contradicted impression that it recently learned this information. On February 6, 2015, SCA sent Plaintiff's counsel an email including some of the underlying due diligence documents and Russell correspondence that led SCA to conclude that the questioned MYEcheck stock was properly issued. [Exhibit A hereto at ¶¶ 1-3 (Declaration of D. Michael Cruz dated July 17, 2015].[1] As part of its attempt to seek permission to amend the Complaint, Plaintiff relies on these materials, specifically incorporating the Russell correspondence dated July 31 and December 16, 2013 in its counsel's declaration.

---

[1] The Cruz declaration and attachments provide the context, underlying documents and correspondence relied upon by Mr. Katz in his Declaration in support of Plaintiff's request for leave to amend. [*See* ECF No. 23 at ¶¶ 5-9 (Declaration of Brian R. Katz in Opposition to Motion to Dismiss)]. Mr. Katz acknowledged receiving this correspondence [Exhibit A at ¶ 4] and cannot seriously dispute its authenticity, and the February 2015 emails and attachments are appropriately before the Court pursuant to the incorporation by reference doctrine. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (quotation and further citations omitted); *see also Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007) (court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions its authenticity).

3

[ECF No. 23 at ¶¶ 5-9]. Plaintiff failed to inform the Court that it received the information it now contends compels amendment in early February 2015, which was not only five months ago, but over three months before SCA was served, which was on May 8, 2015 [ECF No. 8]. Had it believed the Russell letters and related due diligence documents supported substantive claims against SCA, Plaintiff could have easily amended the Complaint months ago without Court permission. *See* Fed R. Civ. P. 15(a)(1).

SCA's transparency continued before and during the meet and confer process prior to filing the Motion to Dismiss, as on April 22, 2015 SCA's counsel sent additional SCA-Russell communications to Plaintiff. [Exhibit B hereto at ¶¶ 1-2 (Declaration of Alan Baskin dated July 17, 2015)]. At that time Plaintiff had still not served the Complaint. And in May 2015, SCA and Plaintiff again discussed Mr. Russell. [Exhibit B at ¶¶ 2-7]. Between May 14 and May 22, 2015, SCA sought, to no avail, a response from Plaintiff regarding SCA's planned arguments for dismissal. [Exhibit B at ¶¶ 3-7]. This presented Plaintiff yet another opportunity to amend the Complaint in lieu of facing motion to dismiss; Plaintiff had received the Russell opinion letters over three months prior and then received additional information, and the Court's Standing Order encourages curing defects in a complaint by amendment instead of motions to dismiss. [ECF No. 3-1 (Standing Order) at 3:17-24]. Plaintiff did not respond to SCA or take any other action, and SCA filed the Motion to Dismiss. [Exhibit B at ¶¶ 3-9].

On July 9, 2015, over a year and a half after SCA and others requested that Plaintiff take proactive judicial steps to restrict its shares, over seven months after it filed its initial Complaint, and over five months after it learned of Mr. Russell's letters, Plaintiff requested this Court to grant it leave to amend its Complaint. Curiously, Plaintiff itself is silent about Mr. Russell, not even denying that he was its counsel or providing any information about the relationship, instead offering only a declaration of its present counsel. [ECF No. 23]. And the Russell communications speak for themselves, as all Mr. Russell did was state that Plaintiff's stock was validly issued to Sweetsun. [ECF No. 19-1 p. 14 (January 21, 2014 e-

mail); Exhibit A at Exhibit 1 pages 13-16]. They neither offer nor hint at a suggestion of collusion or wrongdoing by SCA.

Just as Plaintiff had no justification for its undue delay in seeking judicial relief initially, Plaintiff offers no valid reason why it should be permitted to belatedly amend its Complaint. Plaintiff's suggestion that it recently learned of SCA's "inquiry into the validity of shares in question" is false. [ECF No. 22 at 3:11-15].[2] There are no purportedly "new" facts offering an avenue to a claim that passes muster.

### III. Plaintiff's Request to Amend is Procedurally Deficient, Futile and Unduly Delayed.

#### A. Plaintiff's Request to Amend is Procedurally Deficient.

Plaintiff's Opposition and Request to Amend is procedurally deficient as it failed to attach a proposed amended complaint and order. This violated L.R. 137(c)'s requirement that a party attach "the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules." Plaintiff's failure to file a proposed amended complaint and order contemporaneously with its Opposition not only leaves SCA with no idea of what an amended complaint would look like, its request is procedurally deficient and should be summarily denied.

#### B. Plaintiff's Request to Amend is Futile and was Unduly Delayed.

While generally motions to amend should be liberally granted, that liberality has its bounds. The factors to consider when determining whether leave to amend should be granted include undue delay, bad faith, prejudice to the opposing party, futility of amendment, and whether the plaintiff had previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Courts have denied amendments based on a variety of the named factors. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189,

---

[2] Plaintiff claims that Mr. Russell allegedly participated in fraud, yet fails to seek to include him as a Defendant. Plaintiff offers no explanation for attempting to save its case by holding SCA exclusively responsible for Mr. Russell's alleged and unsupported wrongdoing.

5

1196 (9th Cir. 2013) (affirming denial of leave to amend where, after proposed amendments, complaint still failed to "allege sufficient facts that amount to more than a sheer possibility that [Defendants have] acted unlawfully") (bracketed language in original); *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (where plaintiff "failed to allege any facts" in support of a new legal theory, his request to amend was properly denied on futility grounds); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming denial of request to amend on bases of undue delay and undue prejudice); *Chodos v. W. Publi. Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (affirmed denial of second leave to amend when "new" facts were available before movant's first amendment).

Courts are likewise justified in denying amendments for reasons outside of the named factors. For example, in a case where "the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally" a district court does not abuse its discretion in denying the motion to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (internal quotations omitted) (*quoting Vincent v. Trend West. Tech. Corp.,* 828 F.2d 563, 570-71 (9th Cir. 1987)).

### C. Plaintiff's Amended Complaint Would be Subject to Dismissal and is Futile.

#### i. The proposed claim and its limitations

U.C.C. § 8-115 affords brokerage firms who act in good faith a safe harbor against stock transfer claims such as the one Plaintiff seeks to assert. Plaintiff seeks to allege a claim under U.C.C. § 8-115(2), one of three exceptions to § 8-115, which provides relief for an adverse claimant if in transferring the stock a brokerage firm acted in collusion with the wrongdoer. As provided in comment 5 to U.C.C. § 8-115(2) and Cal. U Comm. Code 8115 (in which California adopts the U.C.C.):

> Knowledge that the action of the customer is wrongful is a necessary but not sufficient condition of the collusion test. The aspect of the role of securities intermediaries and brokers that Article 8 deals with is the clerical or ministerial role of implementing and recording the

6

securities transactions that their customers conduct. Faithful performance of this role consists of following the instructions of the customer. **It is not the role of the record-keeper to police whether the transactions recorded are appropriate, so mere awareness that the customer may be acting wrongfully does not itself constitute collusion.**

(emphasis added); *See also H&R Block Fin. Advisors, Inc. v. Express Scripts, Inc.* 426 F. Supp. 2d 656, 665 (E.D. MI 2006) (granting motion to dismiss because alleged conduct at best was merely passive.)

### ii.     The proposed claim is futile

Plaintiff seeks to amend its complaint pursuant to U.C.C. § 8-115(2) to claim that SCA engaged in some type of collusion with Defendant Sweetsun. [ECF No. 22 at 6:6-9]. The sole support offered consists of Plaintiff's counsel's interpretation of letters from Mr. Russell to SCA expressly stating that MYEcheck stock was validly issued to Sweetsun. [ECF No. 22 at 3:11-15; ECF No. 23 at ¶¶ 5-8]. Plaintiff does not disavow that Mr. Russell was its attorney, offer evidence that Mr. Russell was committing fraud, or offer any evidence SCA knew Mr. Russell was lying and thereby colluding with Mr. Russell (or why). The Russell communications, coupled with SCA's good-faith seven-week stock freeze and attendant request that Plaintiff obtain an injunction cannot square with a claim of collusion, nor does anything else Plaintiff has put before the Court suggest to the contrary.  SCA's ongoing inquiry and diligence, which included communications with MYEcheck's counsel after it lifted the trading freeze reveals an abject lack of collusion.  [Exhibit A at ¶¶ 2-3]. The proffered evidence does nothing but prove than an amendment would be futile.

Plaintiff's allegations fall far short of establishing a claim against SCA, and futility of an amendment alone justifies denying a request to amend.  *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995) (*citing Outdoor Systems Inc. v. City of Mesa,* 997 F.2d 604, 614 (9th Cir. 1993)); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if the amendment appears to be futile or legally insufficient.").   In circumstances where the amendment would be subject to dismissal

anyway, it is proper to deny leave to amend. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). This case presents that exact circumstance.

Finally, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A plaintiff must plead facts sufficient to show that its claim is plausible. *Id.* Conclusory and unsupported allegations fail to satisfy the plausibility requirement set forth by *Twombly* and cannot overcome a motion to dismiss. Here there is no proffered Amended Complaint before the Court, but Plaintiff's Opposition offers no suggestion that any proposed amendment would fit within this category. *Sylvia Landfield Trust*, 729 F.3d at 1196; *Dougherty*, 654 F.3d at 901. Any amendment would be futile.

### D.   Plaintiff's Request Comes Months After it Learned of Mr. Russell's Correspondence, and Without Justification for the Delay.

As with the timing of the filing of this lawsuit and its failure to protect its interests, Plaintiff unduly delayed seeking leave to amend. Undue delay alone is generally insufficient to deny leave to amend. *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999). Where, however, a party fails to justify its delay in seeking leave to amend and thereafter asserts a new theory of liability, its motion to amend may be denied. *Swanson v. United States Forest Service,* 87 F.3d 339, 345 (9th Cir. 1996) ("because of [the plaintiff's] inexplicably late filing of its motion to amend, we find that the district court's denial of the motion was proper."). Here, Plaintiff waited almost two years from when it first learned of Defendant Sweetsun's alleged fraud, and five months after receiving the documents it claims support amendment before it requested leave to amend.

Plaintiff's possession of the Russell letters and other diligence documents in advance of service of the Complaint supports rejection of any amendments based on undue delay. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990) (*citing E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) ("Relevant to evaluating the delay issue is whether

8

the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). *See also Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 120 (9th Cir. 1988) (request to amend was properly denied when movant waited five weeks after learning of "new" information and then filed a request to amend on "an entirely new theory of liability which was inconsistent with the original complaint.") Despite its knowledge, Plaintiff again sat idly by and did not amend its Complaint despite five months' worth of opportunities to do so, providing no "explanation for [its] failure to fully develop [its] contentions originally." *Allen*, 911 F.2d at 374. There is none. The relevant factual circumstances have not changed since long before SCA filed its Motion to Dismiss.

## IV. Conclusion.

Plaintiff concedes that the existing Complaint must be dismissed. Plaintiff also failed to present critical context regarding when it received the information it claims supports amendment, and offers no facts or law affording it the right to amend. SCA respectfully requests the Court to dismiss the Complaint with prejudice.

Dated this 17th day of July, 2015.

BASKIN RICHARDS PLC


 /s/  Alan Baskin
Alan Baskin
Leslie Ross
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012
Telephone 602-812-7979
Facsimile 602-595-7800