# EXHIBIT B

## DECLARATION OF ALAN BASKIN

I, ALAN BASKIN, declare as follows:

1. I represent Scottsdale Capital Advisors ("SCA") in *MYEcheck v. Sweetsun Intertrade et al.,* Case No. 2-14-cv-02889-KJM-AC, presently pending in the United States District Court for the Eastern District of California. I make this declaration based upon my personal knowledge regarding the allegations found in Plaintiff MYEcheck's Opposition to Motion to Dismiss and Plaintiff's Request for Leave to Amend Complaint and the Declaration of Brian R. Katz in Opposition to Motion to Dismiss. I am competent to testify as to the matters stated herein.

2. On April 22, 2015, before Plaintiff served its Complaint on SCA, I provided Brian Katz with a copy of Thomas Russell's January 21, 2014 email to Michael Cruz, which was attached as Exhibit 4 to Exhibit A of SCA's Motion to Dismiss. A true and correct copy of the email correspondence between me and Mr. Katz on April 22, 2015 is attached as Exhibit 1.

3. On May 14, 2015, during our meet and confer, I reminded Mr. Katz about Mr. Russell's letter.

4. During the meet and confer, Mr. Katz did not state that he planned to amend Plaintiff's complaint.

5. On May 21, 2015, having not heard from Mr. Katz, I emailed Mr. Katz asking him how his clients wished to proceed in response to our meet and confer.

6. On May 22, 2015, still having not heard back from Mr. Katz, I left Mr. Katz a voicemail asking about his client's intentions in response to our meet and confer.

7. At the end of day on May 22, 2015, I emailed Mr. Katz and asked him about his client's intentions because the deadline to file a motion to dismiss was fast approaching.

8. In my May 22, 2015 email, I also noted that SCA would be agreeable to extending the deadline for filing to enable the parties to speak further.

9. Receiving no response from Mr. Katz, SCA had no alternative but to file its Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of July, 2015.

By _____
Alan Baskin

# EXHIBIT 1

# Alan Baskin

| | |
|---|---|
| From: | Alan Baskin |
| Sent: | Wednesday, April 22, 2015 11:13 AM |
| To: | Brian Katz (brian@katzbusinesslaw.com) |
| Subject: | MYEcheck |
| Attachments: | EML Tom Russell re Legal Opinion.01-21-14.pdf |

Mr. Katz

This is a follow-up to our calls regarding MYEcheck's claims. As I have told you already, SCA has no liability, and as requested attached is Mr. Russell's January 21, 2014 email to SCA again confirming that the shares at issue were validly issued. SCA also received a separate opinion from Sweetsun's counsel regarding the legality of the issuance of shares. Critically, MYEcheck approved the assignment of shares from Tangiers to Sweetsun three separate times from November 2012 through July 2013. According to SCA's records, Sweetsun sold hundreds of millions of MYEcheck shares, which generated hundreds of thousands of dollars in proceeds, well in advance of November 2013, which is when Mr. Starr first complained. Sweetsun first deposited the stock in January 2013, and sales began in February 2013 and continued throughout that year. Mr. Starr cannot credibly claim that Sweetsun did not own MYEcheck stock and/or that he was unaware of the sales, yet MYEcheck took no action other than threatening SCA in November 2013, almost a year after the initial deposits and after hundreds of thousands of stock had been sold, much of it well before November.

MYEcheck's lack of diligence and SCA's corresponding good faith are further reflected in your client's communications with SCA, which reveal that SCA did not allow any sales of MYEcheck for approximately two months after Mr. Starr complained, and did so in the absence of a court order enjoining the sales. MYEcheck refused to seek any relief, however, and given SCA's duties to those who held the stock, SCA ultimately permitted trades to go through. It had no other option, as your client did not prove credible and took no steps to protect itself. MYEcheck has undoubtedly waived any claims.

I have reviewed the court docket and understand that the court vacated the April 16 status conference and reset it for June 25. Under Federal Rule of Civil Procedure 4(m) the time for service is 120 days and the case abated on April 10. The rule provides for dismissal for lack of service either by motion or by the court on its own initiative. I am surprised the Court has not dismissed this case yet, but expect it to in the near future. Although Rule 4(m) contemplates an extension upon a showing of good cause, it will be very hard for MYEcheck to make such a showing, given its complete lack of diligence, not only in 2013 and early 2014, but in connection with its filing this matter and attendant failure to prosecute. In any event, SCA does not forecast any reasonable likelihood of success for MYEcheck; rather, if this case proceeds, MYEcheck will likely end up paying SCA's attorneys' fees.

SCA is willing to identify the entities that deposited MYEcheck shares at SCA, the dates of the deposits and sales, the amount of shares sold and the amount of proceeds. SCA must first be dismissed with prejudice however, to provide this information, which it will provide in response to a subpoena. Given client confidentiality concerns, we would also need to agree to an appropriate protective order.

Please let me know if the above is acceptable and we can hopefully resolve this expeditiously.

Alan


Alan Baskin
Baskin Richards PLC

1

2901 N. Central Avenue, Suite 1150
Phoenix, AZ  85012
Office: (602) 812-7979
Fax: (602) 595-7800
alan@baskinrichards.com



www.baskinrichards.com

This transmission is intended only for the party to whom it is addressed and may contain privileged and confidential information. Any unauthorized use, dissemination or copying of this transmission is prohibited. If you have received this transmission in error, please notify us immediately by return email, and delete or destroy this communication and any copies (digital or paper), including all attachments. Unless expressly stated in this e-mail, nothing in this message should be construed as a digital or electronic signature.

We do not provide tax advice and therefore any advice contained in this email and any attachments is not intended or written to be used, and cannot be used, for purposes of avoiding tax penalties that may be imposed on any taxpayer.

# Mike Cruz

| | |
|---|---|
| **From:** | Tom Russell <tor@tor-law.com> |
| **Sent:** | Tuesday, January 21, 2014 3:32 PM |
| **To:** | 'Mike Cruz' |
| **Subject:** | RE: Sweetsun - 300M MYEC - Adverse Claim |

Mr. Cruz,

I have reviewed our file. As you know our opinion related to the Sweetsun Intertrade Inc. transaction is dated July 31, 2013, which is prior to this alleged settlement agreement between MYEC and Tangiers Investors. Our transaction involved a $32,000.00 noted dated June 26, 2009 in favor of Tangiers Investors LP executed by My E Checks Inc. We confirmed consideration by verifying a wire deposit from Tangiers into the checking account of My E Check Inc. on June 30, 2009. We feel the documentation that we relied upon to issue our opinion is accurate and complete.

Please let me know if you have any questions.

Regards,

Tom Russell

---

**From:** Mike Cruz [mailto:dmichael@scottsdalecapital.com]
**Sent:** Friday, January 17, 2014 11:21 AM
**To:** tom@cllfirm.com
**Subject:** Sweetsun - 300M MYEC - Adverse Claim

Mr. Russell,

I'm counsel for Scottsdale Capital Advisors (SCA).  I don't believe we have spoken before but I am familiar with your legal work on the restricted stock deposit side of the world.  I manage SCA's stock clearance and liquidation business and sign-off directly on many certificate deposit transactions handled by the firm.

I am writing with respect to the above deposit of MYEC shares by Sweetsun Intertrade and the adverse claim we received from the issuer, Ed Starr.  I attached some of the demands made by Mr. Starr and a copy of your legal opinion.  This email also contains a chain of more recent communications regarding this matter.  Please advise if you have any information you can share with us regarding this claim.  Also, I would appreciate being notified if Mr. Starr's claims affect your legal opinion in any way.

Thank you for your attention to this matter.

Regards,

Mike Cruz


*D. Michael Cruz*
LEGAL COUNSEL

# Scottsdale Capital Advisors
Member  FINRA & SIPC


7170 E McDonald Road, Suite 6
Scottsdale, AZ 85253
*(480) 603-4929 Direct*
*(480) 603-4901 Fax*
*dmichael@scottsdalecapital.com Email*

---

**From:** Ed Starrs [mailto:ed.starrs@myecheck.com]
**Sent:** Friday, January 17, 2014 7:58 AM
**To:** Mike Cruz
**Subject:** Re: Response to MYEC letter dated 11/13/13

Hi Mike,

Thank you for your response.

I didn't expect the Transfer Agent to send the requested letter to Alpine, and I didn't want to have to file lawsuits against the parties which is the only way to get a restraining order.

Sweetsun Intertrade claims the shares were issued through converting a MyECheck note, specifically the Tangiers Investors $35,000 Convertible Debenture from 2009.

MyECheck had been sued in 2010 by Tangiers and was under court order to pay back the loan plus fees and costs.  In 2013, Sweetsun represented to MyECheck that they had purchased the note from Tangiers, and as a result MyECheck authorized the first conversion of a portion of the note into 150,000,000 shares of MYEC stock, which was sold into the market but never paid for.

Subsequent to that, Tangiers confirmed that they had never been contacted by Sweetsun or anyone else in regards to the Convertible Debenture (aka the note), and had not been paid anything, and were escalating the matter against MyECheck and me in the court to enforce payment.

Sweetsun Intertrade then used the signatures they had on the MyECheck Board Resolution and copied, and pasted them onto new documents fraudulently authorizing the issuance of additional shares of MYEC stock.

In October 2013, the Tangiers Convertible Debenture was purchased outright in full by Sierra Global LLC.  MyECheck and I are parties to this transaction because we were the parties sued and had judgements against us.

So the Tangiers Convertible Debenture (the "note") was not bought by Sweetsun, it was bought by Sierra Global.  I have attached the settlement agreement that has been entered into the court.

Please do not sell any more of these shares.  I will be forwarding additional documents this morning.

Please call me to discuss, thank you,

Sincerely,


Ed Starrs, CEO

MyECheck, Inc. (OTC.PK: MYEC)

3941 Park Drive, Suite 20-179

El Dorado Hills, Ca 95762

(916) 222-4376 office

(916) 365-6963 mobile

(484) 266-6963 fax



CONFIDENTIALITY NOTICE: This e-mail and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain privileged or confidential information. Any unauthorized disclosure or distribution of this e-mail message is prohibited including, but not limited to, forwarding. If you have received this e-mail message in error, please notify the sender immediately. Thank you.

---

**From:** Mike Cruz <dmichael@scottsdalecapital..com>
**Organization:** SCA
**Date:** Thursday, January 16, 2014 4:03 PM
**To:** Ed Starrs <ed.starrs@myecheck.com>
**Subject:** RE: Response to MYEC letter dated 11/13/13

This acknowledges receipt of your email below and another email received today wherein you advised SCA of your intent to file a criminal complaint regarding this matter.

I am aware this matter was initiated with your demand letters of November 13, 2013 and November 25, 2013 to Alpine Securities.  These demand letters resulted in the subject securities being restricted for approximately 7 weeks, which time is far greater than required by law under these circumstances. I understand Alpine Securities advised you to obtain a temporary restraining order. I hereby reiterate the same instructions.

I would gladly take further review of this matter, but you must provide me the documents requested below.

- Copies of all certificates you claim were invalidly issued.
- Copies of all alleged fraudulent documents.
- A written explanation of the facts and circumstances regarding your fraudulent claim with specific reference to the fraudulently issued documents.
- Proof that the subject shares have not been paid for by Sweetsun Intertrade.

Please do not contact or disturb SCA staff any further regarding this matter. Please provide all communications to me in writing. You may also refrain from providing updates on any threatening actions you plan to take against SCA. I will agree to accept service of process.  You may want to want to consider contacting the Securities and Exchange Commission (ww.sec.gov).

Additionally, neither me nor anyone at SCA is authorized or at liberty to disclose any customer information to you or what actions, if any, we may take, regarding customer accounts and their transactions.

Regards,

3

Mike Cruz

*D. Michael Cruz*
LEGAL COUNSEL

# Scottsdale Capital Advisors
Member  FINRA & SIPC

7170 E McDonald Road, Suite 6
Scottsdale, AZ 85253
dmichael@scottsdalecapital..com **Email**

---

**From:** Ed Starrs [mailto:ed.starrs@myecheck.com]
**Sent:** Thursday, January 16, 2014 3:45 AM
**To:** dmichael@scottsdalecapital..com
**Cc:** Holly Halpin; Betsy Voter
**Subject:** Re: Response to MYEC letter dated 11/13/13

Dear Mr. Michael,

As you have been previously notified, the shares of MYEC you have on behalf of Sweetsun Intertrade are invalid shares, non paid for, canceled on the books of the company and have no value. They were not authorized by the Issuer, MyECheck.  They were created using fraudulent documents   You have accepted fraudulent documents that are obvious forgeries (copied and pasted signature.)  You have not verified that the shares were paid for, you have no proof of payment.  You did not confirm with the Issuer that the stock is valid.   However you are selling these worthless shares into the market knowing these facts, and are intentionally damaging MyECheck and its shareholders..  You have failed to perform adequate due diligence before accepting these shares, as is you fiduciary responsibility.

Because of this company's limited resources, it is taking longer than expected to get the appropriate law suits filed, but make no mistake, the process is underway.

Please refrain from selling any more of these invalid shares to the public.

We have proof that these shares have not been paid for by Sweetsun Intertarde. You have been negligent and it is causing significant damage.  Your immediate attention to this matter is appreciated.

Sincerely,


Ed Starrs, CEO

MyECheck, Inc. (OTC.PK: MYEC)

3941 Park Drive, Suite 20-179

El Dorado Hills, Ca 95762

(916) 222-4376 office

(916) 365-6963 mobile

(484) 266-6963 fax



CONFIDENTIALITY NOTICE: This e-mail and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain privileged or confidential information. Any unauthorized disclosure or distribution of this e-mail message is prohibited including, but not limited to, forwarding. If you have received this e-mail message in error, please notify the sender immediately. Thank you.

---

**From:** Ed Starrs <ed.starrs@myecheck.com>
**Date:** Monday, November 25, 2013 3:09 PM
**To:** Holly Halpin <hhalpin@alpine-securities.com>, Betsy Voter <bvoter@alpine-securities.com>
**Cc:** "dmichael@scottsdalecapital...com" <dmichael@scottsdalecapital...com>, "Jason M. Bogutski" <signaturestocktransfer@msn...com>
**Subject:** Re: Response to MYEC letter dated 11/13/13

Hi Holly & Betsy,

Please find letter attached.  After speaking with my attorney, Tom Fehn, he has advised me to do the following:

1. Notify the Transfer Agent to stop transfer of the shares, they now cannot be transferred to another party.
2. Notify the Market Makers not to trade the invalid shares, now it will almost impossible to even execute a trade.
3. Issue a public Press Release notifying investors that Alpine Securities is holding invalid shares that have not been paid for and they cannot be transferred, killing the demand.

Also, in a previous letter you suggested that my claims in this manner are unsubstantiated.  Rest assured I have the proof that the shares are invalid, however, there is a burden of responsibility on you to prove the shares are legitimately issued and paid for, and you have refused to provide any evidence that the shares are legitimate in any way or have been paid for.

Please immediately return the invalid shares to the Transfer Agent.

Thank you,


Ed Starrs, CEO

MyECheck, Inc. (OTC.PK: MYEC)

3941 Park Drive, Suite 20-179

El Dorado Hills, Ca 95762

(916) 222-4376 office

(916) 365-6963 mobile

(484) 266-6963 fax



CONFIDENTIALITY NOTICE: This e-mail and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain privileged or confidential information. Any unauthorized disclosure or distribution of this e-mail message is prohibited including, but not limited to, forwarding. If you have received this e-mail message in error, please notify the sender immediately. Thank you.

---

**From:** Holly Halpin <hhalpin@alpine-securities.com>
**Date:** Monday, November 25, 2013 12:39 PM
**To:** Ed Starrs <ed.starrs@myecheck.com>, Betsy Voter <bvoter@alpine-securities.com>
**Subject:** RE: Response to MYEC letter dated 11/13/13

Hello Mr. Starrs:

Per our phone conversation just now, please have your attorney provide a written request to continue the freeze on the Sweetsun Intertrade account for an additional couple of days.

Thank you,

Holly

---

**From:** Ed Starrs [mailto:ed.starrs@myecheck.com]
**Sent:** Monday, November 25, 2013 10:50 AM
**To:** Betsy Voter
**Cc:** Holly Halpin; dmichael@scottsdalecapital...com
**Subject:** Re: Response to MYEC letter dated 11/13/13

Dear Ms. Voter:

As discussed in our telephone conversation last week, we would like to request a couple of additional days of the freeze of the stock in question.  Our attorney is reviewing the situation and preparing a response that I expect any day, thank you for your consideration.

Sincerely,

Ed Starrs, CEO

MyECheck, Inc. (OTC.PK: MYEC)

3941 Park Drive, Suite 20-179

El Dorado Hills, Ca 95762

(916) 222-4376 office

(916) 365-6963 mobile

(484) 266-6963 fax



CONFIDENTIALITY NOTICE: This e-mail and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain privileged or confidential information. Any unauthorized disclosure or distribution of this e-mail message is prohibited including, but not limited to, forwarding. If you have received this e-mail message in error, please notify the sender immediately. Thank you.

From: Betsy Voter <bvoter@alpine-securities.com>
Date: Friday, November 15, 2013 11:19 AM
To: Ed Starrs <ed.starrs@myecheck.com>
Subject: RE: Response to MYEC letter dated 11/13/13

We obviously cant do this.

**From:** Ed Starrs [mailto:ed.starrs@myecheck.com]
**Sent:** Friday, November 15, 2013 12:18 PM
**To:** Holly Halpin
**Cc:** Betsy Voter; 'dmichael@scottsdalecapital.com'
**Subject:** Re: Response to MYEC letter dated 11/13/13

To whom it may concern:

Please forward to me a copy of the documentation submitted with the deposit of the certificates in question including the MyECheck Board Resolution authorizing the issuance of the shares, the proof of payment for the shares, and the MyECheck confirmation letter from me on Company letterhead sent directly to Scottsdale Capital Advisors as is required by Scottsdale Capital Advisors for this type of depost.

Thank, you,

Ed Starrs, CEO

MyECheck, Inc. (OTC.PK: MYEC)

3941 Park Drive, Suite 20-179

El Dorado Hills, Ca 95762

(916) 222-4376 office

(916) 365-6963 mobile

(866) 419-0363 fax



Conference Line:

Dial: 305-848-8888

Ext: 1 "to join conference"

Conf Rm #: 100-222-4376#

CONFIDENTIALITY NOTICE: This e-mail and all documents that accompany it are intended only for the use of the individual or entity to which addressed and may contain privileged or confidential information. Any unauthorized disclosure or distribution of this e-mail message is prohibited including, but not limited to, forwarding. If you have received this e-mail message in error, please notify the sender immediately. Thank you.

From: Holly Halpin <hhalpin@alpine-securities.com>
Date: Friday, November 15, 2013 10:53 AM
To: Ed Starrs <ed.starrs@myecheck.com>
Cc: Betsy Voter <bvoter@alpine-securities.com>, "'dmichael@scottsdalecapital.com'"
<dmichael@scottsdalecapital...com>
Subject: Response to MYEC letter dated 11/13/13

Hello Mr. Starrs:

Please find attached a letter detailing our conversation this morning.

Thank you,

Holly Halpin, Esq.

Associate Counsel

Alpine Securities Corporation

Member FINRA, NQX & SIPC

39 Exchange Place

Salt Lake City, Utah 84111

(801) 320-1308 Direct

(801) 595-0430 Fax

```
The information contained in this email is intended solely for the individual or
entity to which it is addressed. If you have received this email in error,
please
notify the sender and delete the original.  For disclosures, visit
http://www.alpine-securities.com/Legal/EmailandIMPolicy.aspx
The information contained in this email is intended solely for the individual or
entity to which it is addressed. If you have received this email in error,
please
notify the sender and delete the original.  For disclosures, visit
http://www.alpine-securities.com/Legal/EmailandIMPolicy.aspx
The information contained in this email is intended solely for the individual or
entity to which it is addressed. If you have received this email in error,
please
notify the sender and delete the original.  For disclosures, visit
http://www.alpine-securities.com/Legal/EmailandIMPolicy.aspx
```

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

Email management, archiving & monitoring technology powered by Smarsh, Inc.

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

Email management, archiving & monitoring technology powered by Smarsh, Inc.