UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYECHECK, INC., | No. 2:14-cv-02889-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| SEVEN MILES SECURITIES, et al., | |
| Defendants. | |

      This matter is before the court on Brian R. Katz's motion to withdraw as counsel for plaintiff. Mot, ECF No. 56. The motion is unopposed. As explained below, the motion is DENIED.

I.    LEGAL STANDARD

      The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.* California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to

1    withdraw, including where "[t]he client knowingly and freely assents to termination of the

2    employment," Cal. R. Prof. Conduct 3-700(C)(5), and where the client's conduct has "render[ed]

3    it unreasonably difficult for the member to carry out the employment effectively," *id.*

4    3-700(C)(1)(d).

5          The decision to grant or deny a motion to withdraw is within the court's discretion.

6    *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D.

7    Cal. Mar. 24, 2011) (citation omitted).  District courts in this circuit have considered several

8    factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to

9    the client, prejudice to the other litigants, harm to the administration of justice, and possible

10   delay.  *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal.

11   Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2

12   (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2

13   (S.D. Cal. Feb. 13, 2008).

14   II.    DISCUSSION

15         Here, granting the motion to withdraw would leave corporate plaintiff MyEcheck

16   without counsel.  "It is a longstanding rule that corporations and other incorporated associations

17   must appear in court through an attorney."  *CE Res., Inc.*, *LLC v. Magellan Group, LLC,* 2009

18   WL 3367489, at *2 (9th Cir. Oct. 14, 2009) (attorney not allowed to withdraw in representation

19   of corporate client).  Local Rule 183(a) confirms that a corporation or other entity may only

20   appear through an attorney.  A grant of Mr. Katz's motion in this instance would effectively place

21   the plaintiff in violation of the rules as it would no longer have counsel to represent it.

22         While Mr. Katz avers he has attempted to contact plaintiff in multiple ways on

23   multiple occasions, he has not indicated an attempt to advise plaintiff of the need to substitute

24   counsel, or an attempt to advise his client of the rules violations it would incur should he be

25   allowed to withdraw.  "It is the duty of the trial court to see that the client is protected, so far as

26   possible, from the consequences of an attorney's abandonment." *CE Res., Inc.*, 2009 WL

27   3367489, at *2.  Accordingly, in order to protect plaintiff's interests before this tribunal, the court

28   declines to grant Mr. Katz's request at this time.

III.   CONCLUSION

For the reasons stated above, Mr. Katz's motion to withdraw is DENIED without prejudice.

This order resolves ECF No. 56.

IT IS SO ORDERED.

DATED: December 1, 2016.

_____
UNITED STATES DISTRICT JUDGE