ELGUINDY, MEYER & KOEGEL, LLP
JOSEPH M. ELGUINDY, State Bar Number 173666
   *jelguindy@emklawyers.com*
RYAN N. MEYER, State Bar Number 258400
   *rmeyer@emklawyers.com*
2990 Lava Ridge Court, Suite 205
Roseville, CA 95661
Telephone:  (916) 778-3310
Facsimile:   (916) 330-4433

Attorneys for Plaintiff MYECHECK, INC.



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYECHECK, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>SEVEN MILES SECURITIES, et al.,<br><br>            Defendants. | Case No.: 2:14-CV-02889-KJM-AC<br><br>**STATUS CONFERENCE STATEMENT**<br><br>DATE:     May 24, 2018<br>TIME:      2:30 p.m.<br>CTRM:     3<br><br>JUDGE:    Hon. Kimberly J. Mueller |

Plaintiff MYECHECK, INC. ("MEC") hereby submits the following Status Conference Statement in advance of the Status Conference scheduled for May 24, 2018 in the above-captioned matter:

**I.     Summary of the claims and legal theories.**

Plaintiff MyECheck, Inc. seeks Declaratory Relief to cancel share certificates that were issued fraudulently. Plaintiff MyECheck also seeks an injunction to prevent transfer of the fraudulently issued shares.

**II.    Status of service of process on parties not yet served.**

Plaintiff's Second Amended Complaint has been served on SWEETSUN INTERTRADE, INC. ("Sweetsun"), with is a corporation in Belize; however, Plaintiff has been unable to

1  successfully serve TITAN SECURITIES, INC. ("Titan") as the entity appears to have been
2  formally dissolved in Belize.  As the Operative Complaint must be served on foreign nationals
3  abroad, Plaintiff must comply with Federal Rule of Civil Procedure, Rule 4(f), which generally
4  requires that Plaintiff utilize the Hague Service Convention for service of process.  Recognizing
5  that Belize is a signatory to the Hague Service Convention, Plaintiff has thus far relied upon
6  Article 19 thereof, which permits service of documents using any method permitted by the internal
7  law of the receiving state.  Pursuant to Rule 5.7 of the Civil Procedure Rules of Belize, service of
8  a summons and complaint can be effected by personal service on the registered agent of the
9  company. Plaintiff engaged a local law firm in Belize to effect such service – this was completed
10 as to Sweetsun, but not as to Titan.  Plaintiff intends to move forward with the default and default
11 prove-up as to Sweetsun, while attempting any final service efforts as to Titan.

12 **III.    Possible joinder of additional parties.**

13        Plaintiff does not intend to join any additional parties.

14 **IV.    Anticipated amendment of pleadings.**

15        None.

16 **V.    The basis for jurisdiction and venue.**

17        Plaintiff claims subject matter jurisdiction under 28 U.S.C. Section 1332, Diversity of
18 Citizenship, and supplemental jurisdiction over the state and common law claims pursuant to 28
19 U.S.C. Section 1367.

20        Venue is proper in this district under 28 U.S.C. Section 1391 (b)(2) the issuance of shares,
21 and the false representations took place within the County and State in which this Court is located.

22 **VI.    Anticipated motion with suggested dates.**

23        Plaintiff does not expect either Defendant to respond to the Operative Complaint, and thus
24 is anticipating filing a Default Judgment Motion as to Sweetsun within the next 30 days and
25 thereafter as to Titan once service has been effected.

26 **VII.    Anticipated and outstanding discovery.**

27        There is no outstanding discovery and Plaintiff does not anticipate the need for any
28 discovery at this time.



**VIII. Proposed discovery plan required by Federal Rules of Civil Procedure 26(f).**

At this time, Plaintiff does not anticipate the need for a discovery plan. However, should an opposing party appear, Plaintiff will meet and confer with said party concerning the timing, form, and requirements for disclosures under rule 26(a).

**IX. Scheduling of further proceedings.**

Plaintiff proposes that the Court continue the Status Conference for 60 days to Plaintiff to file its Motion for Default Judgment as to Sweetsun and finalize service efforts as to Titan.

**X. Estimated length of trial.**

One court day. No party has requested a jury trial.

**XI. Appropriateness of special procedures.**

Plaintiff does not believe special procedures are appropriate.

**XII. Modification of standard pretrial procedures.**

Plaintiff does not propose modification of standard pretrial procedures.

**XIII. Related cases.**

There are no related cases on file in this district.

**XIV. Prospects for settlement, including whether a settlement conference should be scheduled and whether the parties stipulate to the trial judge acting as the settlement judge.**

The parties have not discussed settlement. It is not anticipated that settlement conferences would be of assistance (as Plaintiff anticipates this will go by way of Default Judgment).

**XV. Other matters.**

None.

Dated: May 17, 2018         Respectfully submitted,

ELGUINDY, MEYER & KOEGEL, LLP

By: _____
Joseph M. ElGuindy, Esq.
Ryan N. Meyer, Esq.
Attorneys for Plaintiff MYECHECK, INC.